## TOWN OF BEAVER DAM vs. FRINGS.

Under sec. 1, ch. 15, R. S., each organized town of this state is authorized to purchase a site and erect a building, or to obtain the same by lease, for its convenience in holding elections and town meetings, and to enter into all contracts necessary for that purpose.

A contract by a town for a lease of such property, with a stipulation to pay the rent by allowing the lessor the use, during the term, of a certain sum then in the treasury, designed for purchasing or erecting a town house, or not devoted by law to any specific purpose, is valid.

A contract entered into in behalf of a town is not invalid because executed by only two supervisors.

APPEAL from the Circuit Court for *Dodge* County.

The complaint alleges that on the 12th of November, 1855, Robert J. Norris and Asa White were duly elected and acting supervisors of the *Town of Beaver Dam*, and were duly authorized by the plaintiff to make in its behalf the agreement hereinafter mentioned; that on said day the plaintiff, by said supervisors, and the defendants entered into an agreement which is set out in *hæc verba*, and is substantially as follows: The defendants agree to furnish for the use of said town a convenient room for all election and town meeting purposes, so long as said town shall allow them the free use, without interest, of the sum of $300, raised or to be raised by the town for that purpose. It is agreed that said town shall be permitted to cancel the contract at any time after three years from its date by giving not less than six months notice, and requiring payment

or return of said $300.—Signed by said Norris and White, as supervisors of said town, and by the defendants. The complaint further avers that the plaintiff caused said sum of $300 to be raised and paid to the defendants; that on the 1st of February, 1859, it caused notice to be given them of the termination of said agreement, and required them to pay said $300 within six months from that day; that the defendant *Frings* on that day promised to pay the same; but that none of the defendants have paid said sum or any part thereof. The plaintiff therefore demands judgment for $300, with interest.

The defendant *Frings* demurred to the complaint as not stating any cause of action against him. The demurrer was overruled; and *Frings* appealed.

*Lander & Dick*, for appellant:

The several towns of this state are not municipal corporations, but are *quasi* corporations or corporations *sub modo* only. The usual powers of a corporation are wanting. *Norton v. Peck*, 3 Wis., 714; *School District v. Wood*, 13 Mass., 197; Angell & Ames on Corp., sec. 23; 2 Kent, 275; 1 Greenl. on Ev., § 331. The whole power of towns as corporations is derived from the statute, and is confined to the functions therein specified. 22 Barb., 634; *Cornell v. The Town of Guilford*, 1 Denio, 515. A corporation can make no contract not necessary either directly or indirectly to effect the objects of its creation. *Rock River Bank v. Sherwood*, 10 Wis., 230; *Madison Plank Road Co. v. Watertown Plank Road Co.*, 7 id., 59; *Foster v. City of Kenosha*, 12 id., 616; *Beach v. Fulton Bank*, 3 Wend., 583. A town cannot loan its credit unless expressly authorized by the legislature. *Bushnell v. Beloit*, 10 Wis., 195. How then could the respondent loan money, making a contract for the interest and for a repayment of the sum loaned?—If the town was not authorized to make the contract, it cannot be enforced. *Mad. Plank Road Co. v. Watertown Pl. R. Co.*, supra. 2. Counsel also contended that the contract was invalid because signed by only two supervisors.

*Sloan & McFetridge*, for respondent.

*By the Court*, DIXON, C. J.   We are clearly of opinion that the town had the power to enter into the contract set forth in the complaint.   The statute, now found as section 1, ch. 15, R. S., declares : "Each organized town shall be a body corporate, and as such may sue and be sued ; and may appoint all necessary agents and attorneys in that behalf; and shall have power to purchase and hold real and personal estate for the public use of the inhabitants thereof, and to convey and dispose of the same ; and to make all contracts that may be necessary and convenient for the exercise of its corporate powers, and any orders for the sale or disposal of its corporate property, which the inhabitants thereof may deem expedient."   The public use of the inhabitants demanded "a sufficient and convenient room for all election and town meeting purposes." Such a room within the town was indispensable to the exercise of their corporate franchises.   The town was authorized to purchase a site and erect a building for these purposes, making all the necessary contracts.   Or it might have purchased the site with the building already erected.   This included the power to lease or bargain for a temporary possession, in case it was deemed inconvenient or unadvisable to purchase or build. The contract with the defendants was a lease, with a stipulation to pay the rent in a particular way, viz : by allowing the defendants the use of $300 belonging to the town, during the continuance of the term.   Having the $300 in the treasury, either for the purpose of erecting or purchasing a suitable town house, or not devoted by law to some specific object, it was competent for the inhabitants to dispose of it in this manner.

The execution of the contract by two supervisors was sufficient.   R. S., ch. 5, sec. 1, subd. 3 ; ch. 15, sec. 65 ; *Soens vs. Racine*, 10 Wis., 271.

Order affirmed.