THE STATE *ex rel.* JORDON, *Appellant* v. HAYNES.

1. **Township Organization**: DUTY OF TOWNSHIP TRUSTEE. Under the township organization law, (Acts 1873, p. 100, § 2,) the township trustee was but the ministerial officer of the township board of directors, and as such, he was bound to pay any warrant legally drawn by the board, if he had funds in his hands for the purpose.

2. ——— : POWER OF TOWNSHIP TO BUILD PUBLIC HALL. The township had power under that law to purchase a site and erect upon it a hall in which to transact its corporate business.

3. ——— : THIS POWER VESTED IN THE BOARD. The power of selecting a site and erecting a township hall thereon, was vested in the board of directors, and not in the citizens of the township assembled *en masse.*

*Appeal from Vernon Circuit Court.*—HON. JNO. D. PARKINSON, Judge.

REVERSED.

This was a proceeding by mandamus to compel respondent, Haynes, who was trustee and *ex-officio* treasurer of Walker township, Vernon county, to pay relator the amount of a certain warrant issued by the board of directors of said township. The alternative writ recited in substance that the township having no house or place where the citizens could assemble or the officers meet to transact business, the board of directors, in pursuance of orders or resolutions duly entered on its records, had purchased a site and erected thereon a building, which was then and since its completion had been in the possession, use and enjoyment of the officers and citizens of the township, and devoted to the ordinary purposes of such a public building; that relator's warrant was for services rendered and moneys expended in the construction of said building; that the board had levied a tax to raise the funds to pay for said ground and building; that said tax had been collected, and the money was in the hands of respondent as treasurer of the township; that relator's warrant had been presented to respondent, but he had refused payment.

Respondent moved to quash this writ, on the following grounds: 1. That the township had no power to purchase a site and erect a township hall; 2. That the writ did not show that the township had ever authorized the board to buy the site or erect the building; 3. That the board had no power to buy the site or erect the building, or issue relator's warrant in payment of the same. This motion was sustained, and relator appealed.

*Scott & Stone* for appellant.

### I.

SHERWOOD, C. J.—If the board of directors of Walker township had the legal authority to issue the warrant, then the trustee of the township, being but the ministerial officer thereof, would be bound, having funds in his hands raised for that express purpose, to pay the warrant thus drawn. *State v. Callaway Co.*, 43 Mo. 228. Section 8, article 9, page 106, Acts 1873, expressly authorizes such board to draw an order (or warrant) on the trustee for the amount allowed by them.

### II.

Was the building of the township hall on real estate purchased for that purpose, one of the corporate powers conferred on the township by the legislature? With reference to that point, the legislature has conferred, among others, these powers on the township as a body corporate. Acts 1873, pp. 97, 98. "To purchase and hold real estate within its own limits, for the use of its inhabitants, subject to the power of the general assembly; to make such contracts, purchase and hold personal property, and so much thereof, as may be necessary to the exercise of its corporate or administrative power; to make such orders for the disposition, regulation or use of its corporate property as may be deemed conducive to the interests of its inhabitants." § 1. Again: "No township shall possess

any corporate powers, except such as are enumerated or granted by this act, or shall be specially given by law, or shall be necessary to the exercise of the powers so enumerated or granted." § 2.

A building suitable for the purposes of township meetings, as well as for the various officers of the township, would seem to be as much a necessity as a similar provision for county officers. The legislature certainly never contemplated that a township should not possess ordinary facilities for the transaction of its corporate business. Will it be seriously contended that such business should be transacted in the *open air?* If, as must be admitted from the express language of the law, the township has the power " to purchase and hold real estate within its own limits, for the use of its inhabitants," to what conceivable purpose could such purchase be applied, except for the purpose which resulted in the issuance of the warrant in controversy? We are certainly at a loss to conceive of any other. In Wisconsin, under a similar statute, it was held that : " The public use of the inhabitants demanded a sufficient and convenient room for all election and town meeting purposes." *Town of Beaver Dam v. Frings,* 17 Wis. 398. From the foregoing considerations and authority, we take it to be very clear that the purchase of the site and the erection of the hall thereon, was abundantly authorized.

### III.

The only remaining point requiring discussion is, as to whether the powers conferred for the purposes mentioned were to be exercised by the citizens of the township assembled *en masse,* or by the board of directors. We think by the latter. The very name would seem to import as much. The directors are the general officers of the township, occupying toward it similar relations to those borne by the justices of the county court toward the county, and possessing also similar powers. The third subdivision of sec-

tion 1, page 105, makes it the duty of the board " to levy all taxes for township purposes." We think it has been sufficiently shown that the purpose for which the warrant was drawn was of that nature, and that all warrants were to be drawn by the board. What the township charges are for which taxes may be levied, are defined by section 5. Among others, are these: " Every sum directed to be raised for any township purpose." " The moneys authorized to be raised by the township board of directors for any township purpose." For like reasons, we entertain no doubt that it belonged to the board of directors, and to that board alone, to exercise the functions and perform the duties which they did exercise and perform in the present instance. And these reasons find additional support in the reflection that the right to transact any township business, except that pertaining to the annual election of township officers, is nowhere conferred by the statute, (§ 1, p. 99, Acts 1873, and § 4, p. 98, Ib.,) on the citizens of the township as a body. In consequence of the above views, we reverse the judgment and remand the cause, with directions to proceed in conformity hereto. All concur.