## THE STATE v. WILLIAMS, *Appellant.*

1. **Criminal Law**: CONSTITUTIONAL LAW: FALSE PRETENSES. Imprisonment in the penitentiary for two years is not a cruel or unusual punishment within the inhibition of section 25, article 2 of the Constitution of 1875, for the crime of obtaining money by false and fraudulent representations.

2. ——— : ——— : STATUTE VOID IN PART. The maximum punishment imposed by a statute for a crime may be regarded as cruel and unusual within the inhibition of the constitution, without affecting the validity of the statute so far as it imposes a minimum punishment not obnoxious to the objection.

3. **False Pretenses.** The form of indictment for obtaining money by false and fraudulent representations prescribed by section 1561, Revised Statutes 1879, is sufficient. Following the *State v. Fancher*, 71 Mo. 460.

4. **Evidence** : PRACTICE IN SUPREME COURT. The Supreme Court will not consider the competency of evidence, where no exception is shown to have been taken to the action of the trial court in receiving the same.

5. ——— : ——— : GOOD CHARACTER. Where the defendant offers evidence of his good character, the State may prove his admissions of facts impeaching his character.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Wm. Bush* for appellant.

No punishment for a common law offense can be imposed which is for life or indefinite or unlimited. Cooley's Const. Lim., (3 Ed.) p. 328; *Done v. People*, 5 Park. 364; *State v. Danforth*, 3 Conn. 115; *Oakley v. Aspinwall*, 3 Comst. 568. The statute allows the pleading of conclusions of law, and is a special law applying only to a certain class of defendants and not uniformly to all. *Wiggins v. Graham*, 51 Mo. 17 ; *Pier v. Heinrichoffen*, 52 Mo. 333. Defendant's imprisonment in the penitentiary could only be proved by the record. *State v. Rugan*, 68 Mo. 214.

*D. H. McIntyre*, Attorney General, for the State.

NORTON, J.—The indictment in this case is based on section 1561 of the Revised Statutes, and charges defendant with the crime of obtaining $3.10, the property of another, by the use of a trick, deception and false representation. He was tried, convicted and sentenced to two

years' imprisonment in the penitentiary, which judgment was affirmed on defendant's appeal to the St. Louis court of appeals, and from this judgment of affirmance he has appealed to this court; and the first point urged by counsel as a ground for reversal is, that said section 1561, on which the indictment is framed, is in conflict with section 25, article 2 of the constitution, which provides "that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." The punishment for the offense with which defendant is charged, prescribed in section 1561, is by imprisonment in the penitentiary for a term not less than two years; and as no maximum punishment is provided for in said section, a person convicted of the offense defined therein might be punished by imprisonment for life, under section 1660, Revised Statutes, which provides "that when any offender is declared by law punishable upon conviction by imprisonment in the penitentiary for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed."

That punishment in the penitentiary is not such cruel and unusual punishment as is forbidden by the section of the constitution invoked by counsel, we think is clear, because it is the punishment prescribed, not only in this, but in all the states, for crimes (less than capital) committed against persons or property or the safety of well ordered society, which in legislative estimation amount to felonies, and such punishment has never been regarded as either cruel or unusual. The interdict of the constitution against the infliction of cruel and unusual punishments would apply to such punishments as amount to torture, or such as would shock the mind of every man possessed of common feeling, such for instance as drawing and quartering the culprit, burning him at the stake, cutting off his nose, ears

1. CRIMINAL LAW: constitutional law: false pretenses.

or limbs, starving him to death, or such as was inflicted by an act of parliament as late as the 22 Henry VIII, authorizing one Rouse to be thrown into boiling water and boiled to death for the offense of poisoning the family of the Bishop of Rochester. As was said in the case of *James v. Commonwealth*, 12 Serg. & Rawle 220, "it must be a very glaring and extreme case to justify the court in pronouncing a punishment unconstitutional on account of its cruelty." If under the statute in question, a punishment by imprisonment for life of one who is convicted of the offense therein defined, should be inflicted, it might well be said that such punishment would be excessive, or rather entirely disproportioned to the magnitude of the offense, yet notwithstanding this, there is high authority for saying that "the question whether the punishment is too severe and disproportionate to the offense, is for the legislature to determine." *Commonwealth v. Hitchings*, 5 Gray 482.

In addition to this, it may be further said that it is well settled that when a part of a statute is unconstitutional, that will not authorize the court to declare the remainder of the statute void, unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or otherwise so connected in meaning that it cannot be presumed that the legislature would have passed one without the other. *Wellington, Petitioner*, 16 Pick. 87; *Warren v. Major*, 2 Gray 84; *Commonwealth v. Clapp*, 5 Gray 100. Under the operation of this rule should it ever be considered that imprisonment for life authorized by the statute for such an offense as defendant is charged with, is obnoxious to the constitutional provision forbidding the infliction of cruel and unusual punishment, it would not, therefore, follow that so much of it as authorizes imprisonment for the minimum punishment by two years' imprisonment would also be unconstitutional.

It is also insisted that the indictment is insufficient. This objection is answered by the case of the *State v.*

*2. ———: ———: statute void in part.* [margin note]

3. FALSE PRETENSES *Fancher*, 71 Mo. 460, where an indictment founded on the same statute as the one in this case, and to which the same objections here made were interposed, was held to be sufficient.

It appears from the record that defendant represented to the prosecuting witness, who had some apples in his wagon for sale, that he was authorized to buy supplies for the Laclede hotel in the city of St. Louis, and that he would take his apples if he would drive his wagon around to said hotel; that on the way defendant requested prosecutor to stop before a saloon as he could there sell his apples for him; that the prosecutor stopped as requested, and gave the defendant the apples, (the price of which was $1.90,) who took them into the saloon and soon returning told the prosecutor that he had sold the apples but the saloon-keeper had nothing less than a five dollar bill, and that if the prosecutor would give him $3.10 with which to make the change, he would bring him the five dollar bill; the prosecutor handed defendant the $3.10, who went into the saloon, and not returning with the five dollar bill, prosecutor stepped into the saloon and inquired of the keeper if he had bought some apples of a colored man, to which he replied that he had not, that the colored man came into his saloon and obtained his permission to set some apples behind the door or counter, and went out the back door and disappeared. It is objected that the court in allowing the witness to state what the saloon-keeper said was in error. This objection cannot be considered by us for the reason that the record fails to show that defendant excepted to the action of the court in receiving the evidence over his objection.

Inasmuch as defendant had offered evidence in support of his character, the court did not err in allowing the State to show that defendant admitted to the officer who arrested him that he had been in the penitentiary, and had been but a short time out of the work-house.

4. EVIDENCE : practice in supreme court.

5. ————: ————: good character.

Finding no error, and the verdict being sustained by the evidence, the judgment is affirmed. All concur.