CLARKE, *Appellant*, v. THE INHABITANTS OF THE TOWN OF BROOKFIELD.

**Municipal Corporation**: DEED TO ON CONDITION: REVERTER. Where a municipal corporation acquires real estate upon a condition expressed in the deed of the grantor, that within five years it shall erect thereon a certain building proper for municipal purposes, and fails to comply with said condition by not erecting the structure, it

must permit the land to return to the grantor, like any other owner of land on condition.

*Appeal from Linn Circuit Court.*—Hon. G. D. Burgess, Judge.

Reversed.

*Huston & Brownlee* for appellant.

The terms of the deed create in form a valid condition subsequent. It declares a forfeiture and reverter. *Gilbert v. Peteler*, 38 N. Y. 168; *Lowe v. Hyde*, 39 Wis. 345; *Hayden v. Sloughter*, 5 Pick. 531; 2 Washburn on Real Prop., p. 3. The condition was not impossible at the time it was created. The impossibility to discharge a condition must be a physical one. 1 Swift, 93; 1 Hilliard on Real Prop., 309, note. The condition has not become impossible since its creation by the act of God or the grantor, nor has the condition been waived. The grantee cannot hold under the deed and at the same time repudiate it. *Parker v. Lincoln*, 12 Mass. 16; *Garret v. Scouten*, 3 Den. 334; *Cross v. Carson*, 8 Black. 138; 1 Hilliard on Real Prop., 379. The grantor could impose his own conditions on the grant. The object expressed in the condition is a municipal one. *Chambers v. St. Louis*, 29 Mo. 572; *Ketchum v. Buffalo*, 14 N. Y. 356; *Allen v. Taunton*, 19 Pick. 488; *Hardy v. Waltham*, 3 Cush. 163; Dillon on Munic. Corp., § 432; Gen. St. 1865, p. 240. The power to provide a suitable town house is necessarily implied from the fundamental duties of a municipality. *Beaver Dam v. Frings*, 17 Wis. 409; *French v. Quincy*, 3 Allen 9; *Rayden v. Stoughton*, 5 Pick. 528; *Allen v. Taunton*, 19 Pick. 488; *Stetson v. Kempton*, 13 Mass. 278. The evidence showed that the grantor owned a costly hotel across the street from the land in question, and this fact was no doubt partly operative in inducing the conveyance by him to the city.

*H. Lander* for respondent.

The clause in question in the deed from Clarke to the city, was not a condition subsequent. *Rawson v. Uxbridge,* 7 Allen 127 ; 2 Willard on Real Prop., p. 378 ; Bacon's Abridgment, Title " Conveyances ; " Coke Litt., 203 a. b., 205 b.; 4 Kent's Com., pp. 229, 232 ; 2 Washburn Real Prop., p. 3 ; Shep. Touch., 123 ; *Parish v. Whiting,* 3 Gray 516 ; *Laberee v. Carlton,* 53 Me. 213. But conceding the clause in the deed to be a condition subsequent, it is void because the town had no power to erect the building mentioned therein. *St. Louis v. Clemens,* 43 Mo. 404 ; 1 Dillon Munic. Corp., § 55 ; *Ruggles v. St. Louis,* 43 Mo. 375 ; *Ketchum v. Buffalo,* 14 N. Y. 356. As between natural persons the acceptance of a deed with a condition binds the grantee as to the condition. *Newell v. Hill,* 2 Met. 180 ; *Goodwin v. Gilbert,* 9 Mass. 570 ; *Nugent v. Riley,* 1 Met. 117. But municipal corporations possess but limited powers to purchase, hold, use and dispose of real estate, and can so take, hold and dispose of such property only in the manner named in the charter. 2 Dillon Munic. Corp., (3 Ed.) §§ 562, 565 ; *Ketchum v. Buffalo,* 14 N. Y. 356, 360 ; *Reynolds v. Stark Co.,* 5 Ohio 204. The town could only bind itself within the limits of its charter powers by ordinance in conformity with its charter. *Leach v. Cargill,* 60 Mo. 317. And the town never assented to any condition in the deed, and is not, therefore, bound by it. *Thompson v. Boonville,* 61 Mo. 282 ; 1 Dillon Munic. Corp., (3 Ed.) § 455. The clause in the deed in question is void as tending to abridge and surrender the governmental powers of the town trustees. *Mathews v. Alexandria,* 60 Mo. 119 ; *Gale v. Kalamazoo,* 23 Mich. 344 ; *Melhan v. Sharp,* 27 N. Y. 622 ; *Webb v. Albertson,* 4 Barb. 51 ; *Palmer v. Plank Road Co.,* 11 N. Y. 376 ; 4 Kent Com., (11 Ed.) p. 142.

MARTIN, C.—This was an action of ejectment to recover possession of two lots of land in the town of Brook-

field, which the plaintiff had conveyed to defendant, but which he claimed had reverted to him for breach of condition in the deed of conveyance.

It appears in evidence that on the 21st of October, 1871, the board of trustees adopted an ordinance which provided "for the borrowing of $30,000 on bonds for the purpose of constructing an engine house and hall for the use and improvement of the town, and to purchase an engine and hose cart, hose and hook and ladders, and construct not less than three cisterns for the supply of the town with water for extinguishing fire." It was also ordered "that a committee be appointed to inquire the different prices of the different town lots for sale for the erection of a town hall." The committee appointed for that purpose reported four parcels of property as suitable for the building, along with the prices of each parcel. The plaintiff's lots were included in the report at the price of $750. The minutes recite that, on motion of A. K. Lane, the plaintiff's proposition was accepted, and that the auditor was instructed to issue an order in favor of plaintiff in the sum of $750. What the plaintiff's proposition was, does not expressly appear. But afterwards, on the 2nd of November, 1871, the board accepted a deed from the plaintiff for the lots in controversy, which contained the statutory covenants of grant, bargain and sale, as well as the covenant of warranty. It recited a consideration of $750, "and other considerations herein named."

Immediately following a description of the lots and preceding the *habendum* clause is this condition, which gives rise to this suit. "In consideration of the following object and purpose, to-wit: and no other; the erecting thereon a suitable building for public purposes, and the improvement of said town, embracing suitable room for fire engine, hose, and apparatus for extinguishing fires, a public hall, and such other rooms in said building as may be deemed expedient for the public good by the board of trustees of said town. It is expressly understood and intended

that said land herein described reverts to said Clark or his heirs, unless said building is constructed thereon within five years." On the next day, November 3, 1871, an injunction proceeding was commenced against the board of trustees for the purpose of restraining them from borrowing the funds, issuing the bonds, or in any manner carrying out the provisions of the ordinance. Due service of the suit was had. On the 6th of November, 1871, the board passed a resolution employing additional counsel to assist the city attorney in defense of the suit, and instructing the attorneys to take a change of venue from the court of common pleas in which the proceeding was instituted.

On the 9th of November, 1872, the board appointed a committee to confer with the parties who brought the suit in the the capacity of tax-payers, and submit to them a proposition, that the indebtedness to be incurred under the ordinance would be reduced to $15,000, if they would withdraw their suit. The committee after conference, reported that they would do nothing. Upon reception of this report the trustees on the 11th of May, 1872, repealed the ordinance providing for the issue of bonds. After this repeal of the ordinance, the injunction suit was dismissed. It does not appear that any trial of the issues contained in it took place.

It also appears in evidence that the town of Brookfield from 1871 to 1876 had no more money in its treasury than was sufficient to pay current expenses, and the interest on its outstanding indebtedness; and that its warrants for money were generally under par value for want of funds in the treasury. Evidence was produced by plaintiff tending to prove that the lots at the time of the conveyance were worth from $1,000 to $1,500. Evidence of an adverse character was produced by defendant tending to depreciate their value. It was admitted at the trial that defendant had not erected any town hall or improvements of any kind on the lots; that defendant was in possession having enclosed them with a fence, and that plaintiff, be-

fore suit, had made entry on the lots claiming them for condition broken. It was also admitted that at the time of the conveyance the plaintiff owned a large brick hotel, opposite the lots conveyed, worth $25,000, besides other valuable real estate in the vicinity; that Brookfield was a town containing 2,500 or 3,000 inhabitants; that it has no public buildings for meetings of its board of trustees, for fire apparatus, or for keeping its records, and that since the conveyance, it has been paying from $150 to $200 annually for the rent of rooms for such purposes.

The trial was before the court without a jury. No instructions were asked or given. The court found the issues for the defendant and rendered judgment accordingly.

I have not deemed it necessary to recite the various defenses and pleas, some of which there was no evidence to support. It is sufficient, for the purposes of this appeal, to say that the pleadings for defendant were broad enough to admit the foregoing evidence, and that it is entitled to whatever advantage or benefit the evidence can afford it, either in law or in equity. The plaintiff's case was sufficiently put in issue by the answer in its various defenses. It also contained a prayer for relief from the supposed forfeiture, which was supported only by the evidence recited. The motion of plaintiff to set aside the finding and judgment of the court, alleges that upon the evidence judgment should have been rendered for plaintiff, and that the finding for defendant is against the law and evidence. The only point for us to consider is, whether the plaintiff, upon this evidence, could maintain his action of ejectment.

The form and import of the disputed clause in this deed place it within the well known classification of conditions subsequent. The condition of reverter is not left to be inferred from the use of certain words indicating further contingencies. The clause terminates with language expressly declaring a reverter. "It is expressly understood, and intended that said land herein described reverts to said Clarke or his heirs, unless said building is con-

structed thereon within five years." Neither is it objectionable on the ground of any possible remoteness in the time limited for its fulfillment. Thé law governing this class of conditions seems to be well settled. If the condition is illegal, or is impossible from the beginning, or becomes impossible through the act of God or the act of the grantor, or inevitable accident, it will be held void or performance will be excused. Tiedeman on Real Prop., § 274; 2 Washburn Real Prop., (4 Ed.) 447, 448. If the condition is not open to the foregoing objections, then a breach of it works a forfeiture of the estate, which gives to the grantor or his heirs the option of claiming the estate, which is sufficiently expressed by entry or acts equivalent thereto. *Messersmith v. Messersmith*, 22 Mo. 369.

If this deed had been made to a private person, it would be difficult to invent any pretense against the legality, or reasonableness, of its condition, or the possibility of its performance. It requires the erection within five years of a building in Brookfield, on certain lots suitable for certain purposes. There is nothing in the character or costs of the structure, or uses to which it is to be adapted, which could render its erection illegal or impossible. Excuse from performance of the condition is rested by the learned counsel for defendant, upon the special character and powers of his client as a municipal corporation, which, it is argued, forbid and prohibit the erection of the structure called for. He also insists that the condition is void as an attempt to fetter and tie up the legislative discretion of the defendant, as a municipal corporation. I propose to consider these objections.

Unquestionably the plaintiff had the right to place his own price and terms of sale upon his lots. It is evident that he must have regarded the location of a town building so near his hotel and other property in the vicinity as an advantage and benefit to him, sufficient to represent a part of the consideration and terms of the sale. The precise terms of the proposition submitted and accepted, as re-

cited in the minutes of the board do not appear except as inferred from the deed. But as the trustees accepted and paid him for his deed, it must be presumed, in the absence of proof to the contrary, that the conditions and terms of sale contained in it, corresponded with the proposition of sale submitted by him, and accepted by the board, otherwise the deed would have been rejected, as not being the one called for in the contract of sale. The defense that under the terms of sale the sum of $750 was the full consideration for the conveyance, and that the plaintiff fraudulently combined with the trustees to incorporate the disputed condition in the deed, as an advantage and consideration to which he was not entitled by his contract of sale, is without a particle of evidence in its support.

The deed itself declares that there were other considerations besides the $750; and a performance of the condition, which relates to the erection of the town building is, in its nature and terms, an additional consideration for the sale. *Bolling v. Petersburg*, 8 Leigh 224. The circumstances surrounding the transaction as disclosed in the evidence, *aliunde* the deed, as well as the deed itself, lead irresistibly to the conclusion that the principal inducement and consideration of the conveyance are contained in the condition relating to the contemplated erection of a town building. That such erection constituted a part of the consideration is a fact which the defendant is estopped from denying by the deed itself. A refusal on the part of the town to comply with the condition, is a refusal to pay or furnish a part of the consideration expressed in the deed, and evident character of the transaction. It is claimed that the town of Brookfield has no authority as a municipal corporation, under the statutes relating to town organizations to perform the condition. Without stopping to inquire whether this would be a valid defense to the claim of plaintiff for return of the lots, but only referring to authorities bearing upon the point, *Parker v. Lincoln*, 12 Mass. 17; *Garrett v. Scouten*, 3 Denio 334; *Cross v. Carson*,

8 Black 138; 1 Hilliard on R. Prop., 379, I am constrained to say that no want of authority has been made apparent in the argument submitted by defendant. It is declared in the statutes that the board of trustees "may purchase, hold and receive property, real and personal, within such town, and no other (burial grounds and cemeteries excepted) and may lease, sell and dispose of the same for the benefit of the town." They are also vested with the power "to prevent and extinguish fires," "to borrow money for the improvement of such town," "and to pass such other by-laws and ordinances for the regulation and police of such town and commons thereto appertaining as they shall deem necessary, not repugnant and contradictory to the laws of the land." General powers are given to them to appoint assessors, collectors, constables or marshals, treasurers "and such other officers, servants and agents as may be necessary; remove them from office, prescribe their duties, and fix their compensation." R. S. 1865, pp. 240, 241.

From these, as well as other, provisions of the statutes it will be seen that a vast number of powers and duties are imposed upon the trustees, which contemplate the various officers and departments of administration and business, incident to a complete and efficient municipal organization, having charge of and conducting its affairs for the benefit of the inhabitants. A building suitable for the accommodation of the town officers and records, and for the preservation of its necessary property, is a reasonable want, resulting from the fact of its corporate existence as a town. The right to erect such a structure is incidental to the powers expressly granted, or essential to carry out the objects of the corporation. *State ex rel. Jordon v. Haynes*, 72 Mo. 377. Accommodations of some sort for the departments of the town government must, at all times, be possessed and maintained, as disclosed in the evidence of this case. The board must have the lawful authority to erect suitable buildings for the conduct and transaction of its necessary affairs, on land which it is authorized to purchase, and hold for the

benefit of the town, otherwise, it would be not only without the power to provide for its daily wants, but without the power incident to the proprietorship of realty, that is, of improving and devoting it to its own use and benefit. *Ketchum v. Buffalo*, 14 N. Y. 356; *Allen v. Taunton*, 19 Pick. 488; *Hardy v. Waltham*, 3 Met. 163; *Richardson v. Boston*, 24 How. 188; *Board, etc., St. Louis Public Schools v. Woods*, 77 Mo. 197.

The learned counsel of defendant criticises that part of the condition which requires the building to contain a " public hall," arguing that such a room could not be for the use or benefit of the town. It may be observed that the condition in the deed does not purport to contain the plans or specifications of the contemplated structure. The general character of the structure is indicated in the easy use of popular terms. The words " public " and " public good " obviously relate to the town or town benefit, which, as embracing the good of the inhabitants of a large town, is not improperly designated as " public " or " public good." A hall in which the trustees might find it proper to conduct their sessions in public, in which elections may be held, and where the inhabitants of the town may assemble to consider and discuss matters of public importance, would not, I conceive, be foreign to the uses and benefits to which the property of the corporation may be reasonably devoted. Accommodations of this character, such as Independence Hall and Fanuiel Hall, are so familiarly associated with the early history of this nation, as nurseries of its infant liberty, that I am reluctant to believe that, in the course of a century, they have ceased to be in accord with the life and weal of American towns. Public halls and popular assemblies are out of place only in governments conducted by despots, where the people have no power and no voice. In a government where they have the right to assemble for the purpose of considering and discussing their public affairs, a convenient and commodious hall for them to assemble in,

is, in my opinion, a proper and necessary want of the inhabitants of every town.

The objection that the town was not possessed of sufficient means wherewith to build the structure contemplated in the condition cannot afford it any relief from its operation. Even though it were a personal covenant, and not a mere condition attached to the land, pecuniary inability would constitute no excuse for failure to perform it. *Lewis v. Ins. Co.*, 61 Mo. 534. It may be remarked here that no particular cost or size of structure is called for in the condition. All matters of this kind were left to the discretion of the trustees. Neither is there any evidence that a tax for a reasonable fund to build a suitable structure would have exceeded the lawful limits of taxation. The evidence is simply that there was not enough money in the treasury for this expenditure. The plea of prohibition by injunction was not sustained. Only a temporary order was issued. There was no trial of the case, and no judgment remains to support the plea.

The argument that the condition is against public policy, as tending to fetter and abridge the legislative functions of the board, is made under a misapprehension of its import and terms. The condition is imposed by the grantor as an incident to his grant. It is attached to the land and follows it into the hands of every claimant. No personal obligation is imposed on the grantee. It is not as it might have been a covenant as well as a condition. *Stuyvesant v. New York*, 11 Paige 414. The trustees were not bound to build on these lots. Their legislative discretion when to build, what to build and where to build, remained unfettered as before the conveyance. If the public good required them to build elsewhere, or after the lapse of five years, they were at perfect liberty to do so by purchasing other land, or making new contracts to that effect. The only consequence which followed such change in the exercise of their discretion, was that these lots which they had acquired for the purpose of erecting the town building upon, reverted

to the grantor after it was clear that the board did not want or intend to use them for that purpose.

The question, as to whether municipal corporations have the right to accept gifts or acquire property burdened with conditions which require them to do reasonable things germane to the objects of their existence, or return the gift or acquisition to the grantor or his heirs, is hardly to be considered an open question in this country, where so much property is constantly being received and held in this manner. *Baker v. St. Louis*, 7 Mo. App. 429; and 75 Mo. 671; *Stuyvesant v. New York*, 11 Paige 414.

The town of Brookfield having acquired these lots upon condition that it would erect the contemplated structure indicated in the deed of purchase, and having failed to comply with the condition by not erecting the structure, must permit the lots to return to the grantor, like any other owner of land held on condition.

As there is no evidence of rents or profits in the record I do not deem it necessary to order another trial. Accordingly the judgment is reversed and the cause remanded, with directions to enter judgment in favor of the plaintiff for recovery of the land described in the petition and for costs. All concur.