249 S.W.2d 393 (1952)
CULLOR et ux.
v.
JACKSON TOWNSHIP, PUTNAM COUNTY et al.
No. 42714.
Supreme Court of Missouri, Division No. 2.
June 9, 1952.
*394 P. M. Marr, Milan, C. B. Fitzgerald, Unionville, for appellants, Richard A. Cullor et ux.
Ray Mabee, Unionville, for respondent.
LEEDY, Presiding Judge.
Plaintiffs appeal from a judgment of dismissal with prejudice rendered upon the sustention of defendants' motion (raising the objection of failure of the petition to state a claim upon which relief can be granted) and the declination of plaintiffs to amend or further plead. Of necessity, then, the facts about to be stated, and by which the sufficiency of the petition is to be tested are those gleaned from the mooted pleading itself. The action was brought in two counts (one for damages, and the other praying a mandatory injunction), both being bottomed on the same facts; but the questions briefed are limited to those arising under the first (or damage) count, so the injunction feature passes out of the case, and will not be further noticed.
Plaintiffs, husband and wife, are owners of a tract of land in Jackson Township, Putnam County. Defendants are the township (which is alleged to be "a body corporate and a general road district"), and Vernon Parrish, John McVey and Orville Dickerson, who are alleged to be, respectively, the trustee and board members of the township, as well as road overseers therein. Plaintiffs' land is on the west side of a public road running north and south, which road, it is alleged, "is under the jurisdiction, care and maintenance of the said defendant township, acting through and by its duly elected and qualified officials, to-wit: Vernon Parrish, Trustee, John McVey and Orville Dickerson, Board Members." Plaintiffs deeded to the county a right of way for road purposes, and thereafter, in October, 1949, defendant township started reconstruction of the road above mentioned under the so-called King road law, sections 231.440-231.500 RSMo 1949, V.A.M.S., and "under special plans, specifications and minimum requirements set up and devised under the `King Road Law" statute;" which "special plans, specifications and minimum requirements set out in detail the type of ditches and drainage systems that must be constructed for roads built under the provisions of this specific road law." In this connection it was alleged that "the above named individual defendants in their official capacity had the duty to oversee the construction and maintenance of this said public road in accord with the special plans, specifications and minimum requirements set forth by law, and further that the said defendants assumed and undertook to carry out this duty."
The petition next alleged the adequacy of the ditches and levees and absence of surface water flowing over or accumulating upon plaintiffs' land prior to the reconstruction work. Then, after alleging certain conclusions as to the duty cast by law upon the township and its officers and agents in the premises with respect to surface water, and the flow and accumulation thereof, the petition proceeds thus: "but that defendant Jackson Township and the above defendant officials and agents * * * through their negligence and carelessness while repairing and reconstructing the above mentioned public road adjacent to property owned by these plaintiffs and through the negligent and careless disregard for the special plans, specifications and minimum requirements covering such construction, caused to be accumulated and gather alongside said road a greatly increased quantity and volume and flow of water and negligently and carelessly failed and refused to provide sufficient ditches and levees to carry off the increased flow and volume of surface water *395 caused by said repairs and reconstruction and carelessly built up the said public road to such height that the flow of surface water and the volume thereof was increased thereby and diverted into and onto and caused to flood plaintiffs' above described real estate and to accumulate and stand thereon" to the damage of plaintiffs in the sum of $1500. The prayer was that plaintiffs "recover from the defendant Jackson Township and/or the defendants Vernon Parrish, John McVey and Orville Dickerson, the sum of $1500.00 as damages and the costs of this action."
Jurisdiction of the appeal is in this court because Jackson Township, as an organized township in a county under township organization, is a political subdivision of the state, under Art. V, § 3, Const. of Mo. 1945, V.A.M.S. Harrison & Mercer County Drainage Dist. v. Trail Creek Township, 317 Mo. 933, 297 S.W. 1. See, also, 2 V.A.M.S., p. 133, n. 319.
Plaintiffs' contention as to defendant township is that it is liable in tort under the facts of this case on the same principle that such liability is imposed on municipal corporations for damages to property resulting from water being caused to flow over and accumulate thereon due to the negligence of the municipality in the construction or maintenance of a street. In the consideration of the question thus posed it is important to bear in mind the distinction between municipal corporations (in the strict and proper sense), such as cities, towns and villages, and quasi corporations, such as counties and townships. Municipal corporations exercise both governmental and proprietary (sometimes called corporate) functions. Their liability or nonliability in tort depends on the character of the particular function involved as being governmental on the one hand, or proprietary on the other.
Plaintiffs invoke this court's language concerning the exercise by a municipal corporation of its discretionary powers of a public or legislative character: "When the exercise of these powers ceases to be discretionary, when it no longer depends upon the will of the municipal legislature, but upon the paramount will of the chartermaking body, then only does the neglect of the municipality subject it to an action for damages." Cassidy v. City of St. Joseph, 247 Mo. 197, 206, 152 S.W. 306, 309. It is argued that under this pronouncement the township is liable because it had no discretion in the building of ditches on a road project under the King road law, but that an absolute duty rested upon it to improve the road under the minimum standards and specifications directed to be set up by the act just mentioned, and hence "in accordance with the mandate of the paramount will of the charter-making body." But the quoted language was not used in reference to quasi corporations whose nonliability the court had previously recognized and made clear in the very paragraph from which the above excerpts were taken, viz.: "Neither the State nor those quasi-corporations consisting of political subdivisions which, like counties and townships, are formed for the sole purpose of exercising purely governmental powers, are, in the absence of some express statute to that effect, liable in an action for damages either for the nonexercise of such powers, or for their improper exercise, by those charged with their execution. This applies alike to the acts of all persons exercising these governmental functions, whether they be public officers whose duties are directly imposed by statute, or employees whose duties are imposed by officers and agents having general authority to do so." In that case the court reaffirmed the doctrine of nonliability of a city for negligence in the exercise of its discretionary powers. Plaintiffs' other cases likewise deal with municipal, and not quasi, corporations.
In the early case of State ex rel. Jordan v. Haynes, 72 Mo. 377, 379, this analogy between counties and organized townships was drawn: "The directors are the general officers of the township, occupying toward it similar relations to those borne by the justices of the county court toward the county, and possessing also similar powers." The present statute authorizing township organization denominates it as *396 "an alternative form of county government." Section 65.010 RSMo 1949 V.A.M.S.
"According to the prevailing rule, counties are under no liability in respect of torts, except as imposed (expressly or by necessary implication) by statute. They are political subdivisions of the State created for convenience, and are usually regarded not to be impliedly liable for damages suffered in consequence of neglect to repair a county road or bridge; such a liability, unless declared by statute, is generally, but not quite universally, denied to exist. On the same grounds, such organizations as townships, school-districts, road-districts, and the like, though possessing corporate capacity and power to levy taxes and raise money, for their respective public purposes, have been very generally considered not to be liable in case, or other form of civil action, for neglect of public duty, unless such liability be created by statute." Dillon, Municipal Corporations, Vol. IV, 5th Ed., § 1640, p. 2856. Missouri cases, are in accord. For examples, see: Reardon v. St. Louis County, 36 Mo. 555; Swineford v. Franklin County, 73 Mo. 279; Clark v. Adair County, 79 Mo. 536; Dick v. Board of Education, Mo.Sup., 238 S.W. 1073, 21 A.L.R. 1327; Cochran v. Wilson, 287 Mo. 210, 229 S.W. 1050; Krueger v. Board of Education, 310 Mo. 239, 274 S.W. 811, 40, A.L.R. 1086; Moxley v. Pike County, 276 Mo. 449, 208 S.W. 246; Lamar v. Bolivar Special Road Dist., Mo.Sup., 201 S.W. 890; Sharp v. Kurth, Mo.App., 245 S.W. 636; Hausgen v. Elsberry Drainage Dist., Mo.App., 245 S.W. 401, certiorari quashed, 298 Mo. 448, 250 S.W. 905.
No difference in principle is apprehended between the case at bar and Hausgen v. Elsberry Drainage Dist., supra. That was a tort action against a quasi corporation and the individuals composing its Board of Supervisors for negligence in constructing a levee and otherwise negligently carrying out the district's plan of drainage as adopted pursuant to the requirements of the statute, and approved by the circuit court. Demurrer to the petition was sustained, judgment entered accordingly, which, on appeal to the St. Louis Court of Appeals, was affirmed; held, no liability, in the absence of a statute, a drainage district being a governmental agency. This court granted certiorari, in quashing which, on final hearing, the court en banc said, 298 Mo. loc.cit. 458 and 250 S.W. loc. cit. 907: "The functions exercised by drainage districts being purely governmental in character, the question is whether or not they are liable for negligence of their agents in the prosecution of the reclamation plan, where damages are sought by one whose lands are within the district. These districts have no private or proprietary functions to perform, and in this their powers are not as broad as cities, towns, and villages. Their functions are governmental and public. The very foundation stone of their structure is public necessity, or public convenience, or public welfare."
In State ex rel. McWilliams v. Little River Drainage Dist., 269 Mo. 444, 457, 190 S.W. 897, 900, it was held that in improving, repairing and dealing with the public highways, the several counties and the county courts thereof are but agencies, or agents of the state, acting by delegated authority as legal subdivisions of the state.
Under the authorities cited, Jackson Township is not a municipal corporation in the sense that that term is used herein, but, on the contrary, is a quasi corporation and political subdivision of the state exercising purely governmental functions, and, as such, is clothed with the state's immunity from tort liability, in the absence of a statute to the contrary.
The other and remaining question is as to the personal liability of the individual defendants. Plaintiffs' brief says that "under ordinary circumstances the duties of the individual defendants would be considered discretionary, but in this particular case the duties were ministerial. Under the law they had to obey instructions and there was no room for any special discretion, judgment or skill." In other words, does the circumstance that those "special plans, specifications and minimum requirements" contemplated by the King road law were *397 applicable as an incident of the work in question have the effect of converting into mere ministerial duties those functions of the township officers which would otherwise be regarded as governmental in nature? The township was empowered under section 231.480 RSMo 1949, V.A.M.S., to "perform the work provided for in the specifications" only if no bids were received, or, if received, they exceeded the estimated costs, so that there was undoubtedly some measure of discretion devolving upon its officers, to be exercised by them as necessities occasioned by the doing of the work arose; and to say to the contrarythat such duties became purely ministerial under the circumstancesis not tenable.
There has been a gradual tendency toward weakening the doctrine of sovereign immunity which has produced some interesting, and (in this writer's personal view) highly desirable changes which probably presage even more sweeping reforms. But the changes thus far wrought have been not so much through judicial decision as by legislative act. Notable in this field are the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., and the New York Court of Claims Act. The former has particular significance because none of the federal government's functions are regarded as being proprietary in nature. By judicial decision the state's waiver of immunity under the New York act was held to put an end to the "legal irresponsibility" (as an extension of the exemption possessed by the state) theretofore enjoyed by such governmental units as counties, cities, towns and villages. Bernardine v. City of New York, 294 N.Y. 361, 62 N.E.2d 604, 161 A.L.R. 364. But there has been no such change in the public policy of this state in that regard, either through statutory enactment or constitutional revision. The principle has become so deeply rooted in the jurisprudence of this state, as the cases herein referred to readily disclose, that any partial abandonment of it as to quasi corporations, as here sought, should come through the legislative process rather than by judicial decision.
The judgment is affirmed.
All concur.