Edgar GLENN, Appellant,

v.

**DEPARTMENT OF CORRECTIONS, State of Missouri, Respondent.**

No. 53562.

Supreme Court of Missouri, Division No. 2.

Dec. 9, 1968.

Bradley, Noble & Morgan, Charles M. Cable, Kennett, for appellant.

Norman H. Anderson, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

Edgar Glenn is an inmate of the Missouri State Penitentiary, serving a term of imprisonment for armed robbery. In November 1966 Glenn instituted this civil action against the Department of Corrections to recover $100,000.00 damages for personal injuries sustained on December 6, 1961. He was engaged in operating a machine for the stamping of automobile license plates. He alleges as grounds of negligence and liability that "at the order and direction of Defendant's agents, servants and employees acting within the scope of their employment," the machine evidently being out of repair, he was "ordered to wire around a safety button" thus rendering the machine unsafe so that when he attempted to insert dies and inadvertently struck the operating button his hands were caught in the machine necessitating the amputation of his fingers. In addition to his allegation of negligence Glenn alleges failure to furnish necessary medical aid and the denial of state and federally protected constitutional rights amounting to "cruel and unusual punishment and the deprivation of his property without due process of law." The Department of Corrections, pleading its sovereign immunity, moved to dismiss the action, the court sustained the motion and Glenn has duly perfected an appeal to this court. The essence of his appeal is that the court erred in dismissing his action "on the grounds that the State of Missouri is immune from suit and liability in tort due to the doctrine of sovereign immunity because said doctrine is an outmoded legal concept, is contrary to Article I, Sections 10 and 14 of the Missouri Constitution [V.A.M.S.] and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and further because such doctrine should not apply in the particular facts of this case."

In support of his argument appellant has cited a great mass of material attacking the sovereign immunity doctrine. He urges that the history and rationale of the doctrine be reexamined and that this court "declare the death of governmental immunity in this State." For reasons hereinafter indicated it is not necessary to encumber this opinion with even a resume of the mass of material brought to bear in attacking the doctrine of sovereign immunity.

 In arguing cruel and unusual punishment the appellant points to State v. Williams, 77 Mo. 310, but his punishment, treatment and the circumstances of his injury are indeed not comparable to the punishment denounced by the court: "The interdict of the constitution against the infliction of cruel and unusual punishments would apply to such punishments as amount to torture, or such as would shock the mind of every man possessed of common feeling, such for instance as drawing and quartering the culprit, burning him at the stake, cutting off his nose, ears or limbs, starving him to death, or such as was inflicted by an act of parliament as late as the 22 Henry VIII, authorizing one Rouse to be thrown into boiling water and boiled to death for the offense of poisoning the family of the Bishop of Rochester." As to his allegations of the agency of the department's employees: "The doctrine of respondeat superior is not applicable to a state, and the latter is not liable to individuals for the misfeasance, laches or unauthorized exercise of power by its officers or agents, unless it voluntarily assumes liability in such a case. Accordingly, in the absence of statute, the state is not liable to a convict for injuries sustained by him as a result of the negligence of a prison employee, whether the convict is working outside or inside the place of imprisonment." 41 Am.Jur. (Prisons and Prisoners) Sec. 17, p. 896; Annotation 46 A.L.R. 94, 104; City of St. Louis v. Nicholas, Mo.App., 374 S.W.2d 547, 550. In this connection, factually and inso-

far as the penal custody of a felon involves a governmental rather than ministerial function, Ulrich v. City of St. Louis, 112 Mo. 138, 20 S.W. 466, is very much in point. The second headnote in the official report is all but self-explanatory: "A prisoner committed to the workhouse of St. Louis City in satisfaction of a fine imposed for the violation of its ordinance, and who while at work is kicked by a vicious mule which the workhouse superintendent directed him to harness, cannot recover of the city for injuries so received, even though the superintendent knew the mule was a vicious one." There have been several unsuccessful attempts to avoid the force and effect of this and the sovereign immunity rule in fire and jail-beating cases by relying on the theory of a nuisance. Hinds v. City of Hannibal, Mo., 212 S.W.2d 401; Brown v. City of Craig, 350 Mo. 836, 168 S.W.2d 1080.

 As indicated at the outset, it is not necessary in this particular action to reexamine the sovereign immunity doctrine and its rationale or to consider the limitations other jurisdictions have imposed after discarding the rule, the subject was last reviewed and reexamined by the court en banc in November 1966 in Smith v. Consolidated School District No. 2, Mo., 408 S.W.2d 50. There the court noted the mass of cited material and the question posed: "Plaintiff's counsel ask us to review the doctrine of sovereign immunity and to abolish it by judicial decree." Recognizing the criticisms of the doctrine, at least in certain instances and circumstances, the court nevertheless reaffirmed the rule as "one of fixed policy" in this jurisdiction. And the circumstances of this action and the arguments marshalled against it do not convincingly compel a reexamination of the doctrine, or a sweeping abolition or destruction of the immunity, certainly not without restriction or limitation. In addition to the Smith case this cause is governed by Bush v. State Highway Commission of Missouri, 329 Mo. 843, 46 S.W.2d 854, and Todd v.

Curators of University of Missouri, 347 Mo. 460, 147 S.W.2d 1063.

For the reasons indicated the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.