Gina Marie WOOD, a minor, by her father and next friend, William E. Wood, and Linda J. Wood, Appellants,

v.

The COUNTY OF JACKSON, Respondent.

No. 55216.

Supreme Court of Missouri, Division No. 2.

March 8, 1971.

John C. Russell, Raytown, for appellants.

Jim Tom Reid, Jackson County Counselor, Lee S. Shapiro, Assistant Jackson County Counselor, Kansas City, for respondent.

PRITCHARD, Commissioner.

As alleged, plaintiff is a minor five years of age, and was a passenger in a Volkswagen automobile which was caused to go out of control, skid and overturn on a bridge which was not maintained in a safe condition by the County of Jackson, which added plankings to the bridge of insufficient width, of unsmooth, uneven surface, and without warning signs and notice of the condition of the bridge. The prayer for damages for personal injuries is

$125,000 for plaintiff, and $25,000 for the loss of her services to her parents.

Defendant filed a motion to dismiss the petition of plaintiffs raising its nonsuability under the doctrine of sovereign immunity. The trial court sustained the motion to dismiss.

In their suggestions to the trial court in opposition to defendant's motion to dismiss, plaintiffs say, "Permitting an action in tort to lie against a municipality based upon negligence in the maintenance of streets and/or bridges, while granting immunity to a county for the alleged negligent performance of a similar act is discriminatory to persons injured thereby and particularly to these Plaintiffs. The doctrine of immunity and cases upholding same, cited by the Defendant, violates Plaintiffs' constitutional rights under the Fourteenth Amendment to the Constitution of the United States and Article I, Sections 2 and 10 of the Constitution of Missouri, 1945, V.A.M.S., in that same discriminates against Plaintiffs by depriving them of their rights and property without due process of law and further denies them equal protection under the law within the meaning of these constitutional provisions." The same argument is presented here.

Although not couched in terms of a denial of the right to equal protection of the laws or of due process of law under constitutional provisions, a similar argument was made in Cullor v. Jackson Township, Putnam County, Mo., 249 S.W.2d 393, 395[2], where it was urged that the township was liable in tort on the same principle that such liability is imposed on municipal corporations. It was pointed out "it is important to bear in mind the distinction between municipal corporations (in the strict and proper sense), such as cities, towns and villages, and quasi corporations, such as counties and townships. Municipal corporations exercise both governmental and proprietary (sometimes called corporate) functions. Their liability or nonliability in tort depends on the character of the partic-ular function involved as being governmental on the one hand, or proprietary on the other." It was held, loc. cit. 249 S.W.2d 396[5], that "Jackson Township is not a municipal corporation in the sense that that term is used herein, but, on the contrary, is a quasi corporation and political subdivision of the state exercising *purely governmental functions,* and, as such, is clothed with the state's immunity from tort liability, in the absence of a statute to the contrary." (Italics added.) The judicial determination of the difference or distinction between the liability in tort of municipal corporations and political subdivisions of the state exercising purely governmental functions is no basis for invoking a claim of denial of equal protection of the laws. "It is a general rule that equal protection of the laws is not denied by a course of procedure which is applied to legal proceedings in which a particular person is affected, if such a course would also be applied to any other person in the state under similar circumstances and conditions. Equal protection of the laws of a state is extended to persons within its jurisdiction, within the meaning of the Fourteenth Amendment to the Federal Constitution, when its courts are open to them on the same condition as to others in like circumstances, with like rules of evidence and modes of procedure, for the security of their persons and property, the prevention and redress of wrongs, and the enforcement of contracts." 16 Am.Jur.2d Constitutional Law, § 533, p. 923. Compare in this state, State ex rel. Wells v. Walker, 326 Mo. 1233, 34 S.W.2d 124, 133[12, 13].

 Under the cases in this state all persons are barred from maintaining actions against the state and its political subdivisions by the doctrine of governmental immunity, and this includes counties. Cullor, supra, loc. cit. 249 S.W.2d 396[4] and cases and authorities cited; Miller v. Ste. Genevieve County, Mo., 358 S.W.2d 28, 30[3, 4]; and compare Bush v. State Highway Commission of Missouri, 329 Mo. 843, 46 S.W.2d 854; Smith v. Consolidated

**836**

School District No. 2, Mo., 408 S.W.2d 50; and Glenn v. Department of Corrections, Mo., 434 S.W.2d 473.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., and MORGAN, J., concur.

FINCH, J., concurs in separate concurring opinion filed.

FINCH, Judge (concurring).

I concur in the principal opinion because in my view the doctrine of governmental immunity is not unconstitutional as denying equal protection by reason of the fact that recovery is permitted against a municipality for negligent acts but denied where the claim is against a county or the state (even though the negligent acts are similar). The appeal in this case involves solely the question of whether the doctrine is unconstitutional and whether for that reason the court erred in dismissing plaintiffs' petition.

However, I must state that I can appreciate why a citizen, injured as a result of negligent maintenance of the roadway surface upon which he drives his automobile, would not understand why he could recover if the roadway was a city maintained street but could not if it was a county road or a state highway. In all candor, the theory that the sovereign can do no wrong and that for that reason the state or the county should not be liable for negligent acts is not very logical or persuasive in this day and age. The Federal Government now permits recovery under its Tort Claims Act and many states have abolished the doctrine of sovereign immunity by legislative action or by judicial decision.

We have taken the position previously that a change in the rule should be by legislative action and have pointed out that difficulties can arise, as occurred in California, when the doctrine of governmental immunity is abolished by judicial decision. Smith v. Consolidated School District No. 2, Mo., 408 S.W.2d 50. If the doctrine remains in effect and in the future there is reason for us to reconsider our position, we can do so when and if the issue is presented to us again.