McKinzie v. Mathews, et al.

MARTIN McKINZIE, Appellant, *vs.* GEORGE MATHEWS, *et al.*, Respondents.

1. *Injunction—Irreparable damages—Allegation as to.*—In a petition for injunction, a general averment that threatened damages are irreparable is insufficient. It must be shown in what respect they will be irreparable.
2. *Injunction to prevent cutting of timber—Petition should state what.*—In suit for injunction to prevent threatened damages in cutting timber, the petition should show whether defendant is in possession and what title, if any, he claims. If the title be in dispute, some proceeding on the part of the plaintiff to which the injunction would be auxiliary, should be stated.
3. *Demurrer—Facts admitted by, no evidence on question of damages.*—A demurrer admits of facts well pleaded, but only for the purpose of deciding the question raised by it. The statements in the petition demurred to are no evidence on the question of damages or on the general issue.
4. *Injunction—Damages in motion to dissolve, when too remote.*—A claim for damages by defendant in an injunction suit, on the ground that by reason of the injunction he was prevented from clearing away certain timber land, is too remote and consequential.

*Appeal from Lawrence Circuit Court.*

*H. C. Young*, for Appellant.

*Henry Brumback*, for Respondent.

I. The bill must allege peculiar circumstances to show that the injury is irreparable, such as the insolvency of defendant and the like. (Burgess vs. Kattleman, 41 Mo., 487; James vs. Dixon, 20 Mo., 79; Waterman vs. Johnson, 49 Mo., 410; Jerome vs. Ross, 7 Johns. Ch., 315; Ross vs. Page, 6 Ohio, 167.) But the bill sets forth no facts. It simply states the conclusion of law.

II. An injunction will not lie to prevent the commission or repetition of a trespass in entering and cutting down timber on land, of which plaintiff is in possession as owner—he having an adequate remedy at law for the trespass, and nothing appearing in the case so special or peculiar as to call for that particular relief. (Hill. Inj., p. 322, § 3; p. 331, § 10.)

III. If defendants were in possession, this fact should be stated, also the nature of their holding, whether as plaintiff's tenants, or, claiming a limited estate of any description. If defendants claimed the fee adversely, it should appear that some steps had been taken by plaintiffs to determine the title.

IV. A demurrer in chancery does not admit the facts charged in the bill. (1 Greenl. Ev., 589, § 551; Comm. Bk. v. Buckner, 20 How., 125; Bac. Abr. "Pleas," No. 3; Chitty Pl., 662.)

V. Counsel fees should be allowed as part of the damages. (Uhrig vs. City of St. Louis, 47 Mo., 529.)

NAPTON, Judge, delivered the opinion of the court.

This was a petition for an injunction. The facts stated in the petition were, that the petitioner was the owner of a certain tract of land described therein; that Mathews & Brumback threatened to commit waste on it, by cutting down and hauling away timber from it—which would be an irreparable loss to said land. An injunction was therefore asked, to restrain said defendants from cutting any timber or committing any waste on said land, and for such other relief, etc. The application was made to the Circuit judge, at chambers, in August, 1871, and an injunction was directed, upon bond being given by the petitioner. The bond was given and the injunction issued August 16th, 1871.

At the May term, 1872, of the Circuit Court, a demurrer was filed to this petition on the ground that the facts stated in the petition furnished no ground for the relief prayed, inasmuch as no insolvency was alleged, nor was it averred that there was not an ample and complete remedy at law; nor was there any allegation that any action was pending for the possession of the land upon which defendants were said to have an intention of cutting timber. The demurrer was sustained, but nothing further appears to have been done at that term.

On Dec. 10th, 1872, the defendants filed their motion to dissolve the temporary injunction, and for an assessment of damages. This motion was sustained and, neither party requiring a jury, the court proceeded to assess the damages upon the testimony submitted.

The defendant, Mathews, on this inquiry, testified that he had a contract with Brumback to deliver to him $200 worth

McKinzie v. Mathews, et al.

of lumber; that he had cut the logs from which the lumber was to be sawed, and as he could not use them, they had greatly depreciated in value, and his loss on this item he estimated at $180. His expenses attending court amounted to $13.50. He was also prevented from clearing eight or nine acres of land that he intended to clear, and also from making rails to replace a fence that had been washed away by the flood, which he estimated at $180. His lawyer's fee was $75.

The plaintiff objected to this evidence because the defendants admitted by their demurrer, that the facts stated in the petition were true, and that the plaintiff was the owner of the land. This objection was overruled, and the plaintiff excepted.

This witness also stated that he was in possession of the land and bought it of the railroad company. To this evidence objection was also made on the ground that the defendants, by their demurrer, admitted the ownership of the land.

Brumback, the co-defendant, testified that he was injured to the amount of $40, by reason of an agreement with Mathews to get a lot of timber which in consequence of the injunction, he had to procure elsewhere at an advance of $40 over the price he had agreed on with Mathews. This evidence was objected to, because irrelevant and inconsequential, but the objection was overruled.

The only evidence offered by plaintiff was the demurrer. The instructions given for the defendants declared the law to be, that the defendants were entitled to damages in whatever amount they may have sustained loss by reason of the injunction, in interrupting their business and putting them to additional expense in carrying on the same, and for their reasonable attorney's fees in resisting the injunction, and for their loss of time in the defense of the suit.

The plaintiff asked the following declarations of law: "That the defendants have admitted by their pleadings that the lands mentioned in plaintiff's petition belonged to plaintiff and were the property of plaintiff, and hence, defendants cannot recover any damages by reason of being restrained

from cutting timber off from said lands; 2nd. The defendants. cannot recover attorney's fees for defending said suit; 3rd. Defendant's cannot recover any damages in this case because there was no answer made by defendants to the petition, before the dissolution of the injunction herein." These last instructions the court refused.

The judgment of the court on the subject of damages was in favor of the defendants, in the sum of $528.

There was a motion to set aside the finding and judgment, which was overruled; exceptions were duly taken to all the rulings of the court, and the case is brought here by appeal.

The judgment of the court upon the demurrer was obviously right. The petition was substantially defective in almost all respects. It is impossible to conjecture from its terms, whether the plaintiff or defendant were in possession of the land. If the plaintiff was in possession, then it is not shown that an action of trespass would not have attained all the objects desired. There is no allegation of insolvency, nor any sufficient allegation of irreparable damages. The former is not always necessary, but in regard to the latter, a general averment that damages threatened are irreparable is insufficient. It must be shown how, and in what way, and for what reason, the threatened damages are irreparable. What damages are irreparable, is a question to be decided by the court from the facts stated.

If we choose to infer from the petition, that the defendants were in possession, then it is a mere matter of conjecture what title they claimed, if any; whether they were lessees for years, or tenants for life, or holding under an asserted fee simple title. If the title was in dispute some proceeding on the part of the plaintiff ought to have been stated, to which the injunction would have been auxiliary.

The only question in this case is as to the damages. It is not perceived why Brumback was made a party defendant. The testimony of Mathews that he was prevented from clearing seven or eight acres of land during the pendency of the injunction, seems to be of a consequential damage too re-

McKinzie v. Mathews, et al.

mote; but the only objection to that testimony was, that the demurrer admitted the title of plaintiff. This objection was overruled by the court and we think properly. A demurrer admits facts well pleaded, but only for the purpose of deciding the question raised by it; the statements in the petition demurred to are no evidence on the question of damages, or on the general issue. (Berne vs. Phillips, 10 Conn., 62.)

The testimony of Brumback, that he lost forty dollars by reason of the injunction, which prevented Mathews from furnishing him with certain lumber, for which he had contracted, was, we think, properly admitted. Why he was made a party does not appear, for he does not seem to have had any interest in the land. But he was made a party defendant, and he had a contract with the other party defendant, to furnish him a certain amount of lumber, and by reason of the injunction, his co-defendant was not able to comply with his contract, and he had to supply himself from other quarters, and it cost him forty dollars to do this. Now we don't see why Brumback was made a party to this suit; but as he was, we think this item of damage was admissible.

The question in regard to the damages was one for the jury, or in this case for the Circuit Court, to whom the facts were submitted. The objections to the items offered were insufficient, and though we think, in regard to the item of two hundred dollars, which was charged for being prevented from clearing seven or eight acres, that it was inadmissible because too remote; yet as the only objection to it was, that the demurrer admitted the title of plaintiff, and this objection was not a valid one, we will not disturb the judgment.

Judgment affirmed; the other judges concur except Judge Sherwood, who did not sit.