# GRANT WILLIAMS et al., Respondents, v. SCHOOL DISTRICT NO. 5 et al., Appellants.

### Springfield Court of Appeals, December 2, 1912.

1. **INJUNCTIONS: Schools: To Prevent Moving Schoolhouse: Plaintiff Must be Taxpayer.** In an action against a school district and its directors to enjoin the removal of a schoolhouse from an old site to a new site on the grounds that the election authorizing the removal was illegal, the plaintiffs must fail in their action in the absence of proof that they were resident taxpayers of the district and that they would suffer irreparable injuries should the schoolhouse be unlawfully moved as alleged.

2. ————: ————: ————: **Plaintiff Must Show Irreparable Injury.** In an action to enjoin the removal of a schoolhouse from one place in the district to another, on the grounds that the election authorizing said removal was illegal, the petition must allege facts which clearly show that the plaintiff will sustain irreparable injury because of the acts complained of. It is not sufficient to merely allege the injury to be irreparable; the petition must show in what respects it is irreparable. The facts must be stated so that the court may determine the nature of the injury.

3. ————: **Public Offices: School Directors.** A court of equity may restrain public officers, school boards and municipalities when they are acting illegally or without authority and in breach of trust, and thereby causing irreparable injury.

4. ————: **Statutory Provision: Irreparable Injury: No Adequate Remedy at Law.** Our statute has provided that the remedy by writ of injunction shall exist in cases where an irreparable injury to real or personal property is threatened and to prevent the doing of any legal wrong whatever, when in the opinion of the court an adequate remedy cannot be afforded by an action for damages.

5. ————: **To Prevent Illegal Payment of Public Money: Remedy of Taxpayers.** The right of resident taxpayers to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of the county, or the illegal creation of a debt, which they in common with other property holders of the county may be otherwise compelled to pay, is well settled.

6. ————: Against Public Officers: **Plaintiff Must be Taxpaying Citizen.** An injunction will not lie to restrain improper or unlawful conduct on the part of public officers of a school district at the suit of a resident. It must be averred and shown

that he is also a citizen and taxpayer of the district, and that he will be greatly and irreparably injured by the acts he seeks to enjoin.

7. SCHOOLS: Enjoining Removal of Schoolhouse: Plaintiff Must Show Special Injury. The authorities of a school district will not be enjoined from moving the schoolhouse to another site where plaintiff does not show that he will sustain any special or pecuniary injury different from that of the public.

Appeal from Pulaski Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Bland, Crites & Murphy* for appellants.

(1) Under the evidence the judgment should have been for the defendants, as the plaintiffs failed to show any right to prosecute the action. Fugate v. Mc-Manama, 50 Mo. App. 39; Newmeyer v. Railroad, 52 Mo. 81; Ranney v. Bader, 67 Mo. 476; Dennison v. City of Kansas, 95 Mo. 416; State v. Wood, 155 Mo. 485; Givens v. McIlroy, 79 Mo. App. 671; 1 Spelling on Extraordinary Remedies (2 Ed.), Sec. 614; 2 High on Injunctions (4 Ed.), Sec. 1263; Parody v. School District, 15 Neb. 514, 19 N. W. 633. (2) Appellant's contention is that the evidence does not show that plaintiffs had such an interest in the matter in controversy as to permit them to maintain this action. The petition alleges that plaintiffs are resident taxpayers in the district. If this were true, they were authorized to prosecute this action. Martin v. Bennett, 139 Mo. App. 243; Tucker v. McKay, 131 Mo. App. 731; Calvert v. Bates, 44 Mo. App. 626; Davis v. Hartwig, 195 Mo. 399.

*W. D. Johnson, F. H. Harris, G. W. Goad* for respondents.

(1) Plaintiffs were resident taxpayers of School District No. 5, township 38, range 12, Pulaski county,

Missouri, and proper parties to bring this action without joining all others similarly situated. Tucker v. McKay, 131 Mo. App. 728; Liveray v. Whitney, 107 Mo. App. 475; Martin v. Bennett, 139 Mo. App. 237; Horsefall v. School District, 143 Mo. App. 541; Calvert v. Bates, 44 Mo. App. 626; Black v. Ross, 37 Mo. App. 250; Black v. Cornell, 30 Mo. App. 641; Buchanan v. School District, 25 Mo. App. 85; Sinclair v. Board of County Commissioners, 23 Am. Rep. 694; Fiscal Court v. School District, 127 S. W. 527; Bornstein v. School Board, 122 S. W. 522; R. S. 1909, Sec. 10845, 10847; School District v. McFarland, 154 Mo. App. 411; State v. Wood, 155 Mo. 484. (2) If plaintiffs were improper parties to the action, or if there was a misjoinder of parties plaintiff not apparent on the face of the petition, defendants waived same by not mentioning the matter in their answer. Bryant v. Lazarus, 139 S. W. 558; Railroad v. Express Co., 145 Mo. App. 371; Sawyer v. Burris, 141 Mo. App. 108; Merriman v. Springfield, 142 Mo. App. 506; Butler v. Boynton, 117 Mo. App. 462; Hudson v. Cahoon, 193 Mo. 557; Dodson v. Lomax, 113 Mo. 555; Crook v. Tull, 111 Mo. 283; Paddock v. Somes, 102 Mo. 335; May v. Burk, 80 Mo. 675; Reugger v. Lindenberger, 53 Mo. 364; Trust Co. v. Brown, 44 Mo. 120; Mills v. City of Carthage, 31 Mo. App. 141; Secs. 1800, 1804, R. S. 1909; Ashton v. Penfield, 135 S. W. 938; Bennett v. Railroad, 151 Mo. App. 393; Fulwider v. Power Co., 216 Mo. 582; Hanson v. Neal, 215 Mo. 277; Baxter v. Transit Co., 198 Mo. 1; Wendleton v. Kingery, 110 Mo. App. 67; Alexander v. Wade, 106 Mo. App. 141; Y. M. C. A. v. Dubach, 82 Mo. 475; Fuggle v. Hubbs, 42 Mo. 537.

NIXON, P. J.—This was an action for an injunction against School District No. 5 and its school directors for the purpose of enjoining and restraining them from moving a schoolhouse from an old to a new site. A temporary injunction was issued by the pro-

bate court and upon final hearing in the circuit court was made perpetual, from which the defendants appealed.

The petition for the injunction states, in substance, for plaintiffs' cause of action that the school district was properly organized under the laws of the State of Missouri, and that the defendants Cadwell and Joiner were the directors of the district; that on the thirteenth day of June, 1911, Cadwell, as one of the school directors, without authority of law, called a special election in said school district to select a site for the schoolhouse; that an election was held pursuant to said call on the twenty-seventh day of June, at which it was voted to move the schoolhouse to a new site at or near the French road on the Iberia and Crocker road; that there was no notice whatever given of said election; that the defendants as directors were threatening illegally to move the schoolhouse to the proposed site which was on one side of the school district and away from its center and a site to which the district had no title or interest, to the hindrance of the children of school age of the plaintiffs; also that the threatened removal of the schoolhouse to said site would cause irreparable injury to plaintiffs who are resident taxpayers of said school district, and that said directors threatened· to remove said schoolhouse and pay for the removal of the same out of the sinking fund in direct violation of law, and that the plaintiffs are without remedy at law.

The defendants for answer filed a general denial.

Appellants present to this court only one alleged error, namely, that the plaintiffs failed to show by their evidence that they were entitled to maintain the action.

It will be seen from the face of the petition that the plaintiffs do not assume to sue in a special or representative capacity, but in their own individual right;

so that if the defendants had filed a special demurrer under Sec. 1800, R. S. 1909, on the ground that the petition did not show that the plaintiffs had any legal capacity to sue, it would not have raised an issue of law; and if the defendants had filed an answer denying specially the legal capacity of the plaintiffs to sue, under Sec. 1804, R. S. 1909, it would not have raised an issue of fact as to plaintiffs' legal capacity to sue. Under the pleadings neither in the trial court nor in this court has the legal capacity of the plaintiffs to sue been properly challenged by the defendants. The defendants, having filed an answer denying the allegations of plaintiffs' petition, the plaintiffs were put to the proof of the constituent facts of their cause of action.

In order to recover in actions of this kind, the plaintiff must allege and prove the existence of his right and also must affirmatively show that defendant's acts sought to be restrained will be in violation thereof; in other words, he must show that a legal injury is about to be inflicted upon his property rights. So that evidence of the existence of a right violated or threatened to be violated is a prerequisite to the granting of an injunction. And where it is clear that the plaintiff does not have the right that he claims, he is not entitled to an injunction, either temporary or perpetual, to prevent a violation of such supposed right. [22 Cyc. 749.] Nor is it necessary in order to authorize a court of equity to exercise its jurisdiction that the wrong should actually have been consummated; such injunction may be obtained to prevent an irreparable injury upon a proper showing, even though no such injury has yet occurred. If such injury is threatened or impending to property or property rights, an injunction will be granted. It is further necessary in such cases that the petition must allege facts which clearly show that the plaintiff will sustain injury because of the acts complained of. It

is not sufficient to merely allege injury without stating the facts, and where the injuries are alleged to be irreparable, it must be shown in the petition in what respects they are irreparable; the facts must be stated so the court can determine the nature of the injury. [McKinzie v. Mathews, 59 Mo. 99; Schuster v. Myers, 148 Mo. 422, 50 S. W. 103.] It has been held that a court of equity may restrain public officers, school boards, and municipalities, when they are acting illegally or without authority and in breach of trust, and thereby causing irreparable injury. Our statute has provided that the remedy by writ of injunction shall exist in cases where an irreparable injury to real or personal property is threatened and to prevent the doing of any legal wrong whatever when in the opinion of the court an adequate remedy cannot be afforded by an action for damages. [Sec. 2534, R. S. 1909.] The right of taxpaying citizens to resort to equity to restrain municipal corporations or their officers from transcending their lawful powers or violating their legal duties in any mode which will injuriously affect the taxpayer, such as making an unauthorized appropriation of the corporate funds or an illegal or wrongful disposition of the corporate property, is unquestioned. [Dillon on Mun. Corp., Sec. 914.] The right of resident taxpayers to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of a county, or the illegal creation of a debt which they in common with other property holders of the county may be otherwise compelled to pay, is also well settled. [Crampton v. Zabriskie, 101 U. S. 601.] Our own Supreme Court in the case of Newmeyer v. Railroad, 52 Mo. 81; held that taxpayers can file bills in equity annulling illegal acts of county courts when such acts would increase their burdens of taxation; that in such cases the injury is a private one to the taxpayers and they are the sufferers rather than the public; and are

a class specially damaged by such unlawful acts which would increase the burden of taxation upon their property. They therefore have a special interest in the subject-matter of such suit distinct from the general public and can maintain an action for the injury.

In this case the record shows that the plaintiffs wholly failed at the trial to offer evidence in any way sustaining the facts constituting their cause of action and that they were about to sustain irreparable injury. Their evidence, it is true, tended to show that one of them was a resident of the school district and that he voted at the special school election. No evidence whatever was offered showing or tending to show that the plaintiffs or either of them was a taxpayer of the school district, or had a child or children of school age, or that the removal of the schoolhouse would be more or less convenient to them, or that any school moneys had been expended or was proposed or threatened to be expended for the purpose of moving the schoolhouse to a new site. On the contrary, it appeared that the site was given, and that one French, a resident of the district, agreed to move the schoolhouse at his own expense. There was also no evidence showing that the two directors by any official act had taken any steps whatever or were threatening to take any steps to move the schoolhouse at the time the injunction was procured. The plaintiffs introduced both of such directors as their witnesses. The evidence showed that no record was made by the clerk of the special election to move the schoolhouse for the reason such removal was deemed illegal. The defendant Cadwell did testify that he helped to survey the acre of ground and that the acre had been cleared off, but that they did not intend to move the schoolhouse under the illegal election. The defendant Joiner stated that it was not their purpose to locate the schoolhouse on the new site; that when they found the election was illegal they abandoned the idea and nothing

was thereafter done towards moving the schoolhouse at any time.

The trial court—as showing the theory upon which the case was tried and the judgment rendered—gave upon its own motion the following declaration of law for the plaintiffs;

"The court declares that the testimony in this case is sufficient to show an interest on the part of some of the plaintiffs in the case sufficient to maintain this action. If they are residents of the district, that fact alone would be sufficient to give them an interest in the location of the schoolhouse to maintain an injunction, and the evidence in this case shows that the plaintiff, Oldham, was a resident of the district and also that he participated in the election held by the people of the district to determine the location of the schoolhouse and this testimony is sufficient to authorize an inference by the court that he was not only a resident of the district but also a legal voter in said district."

This seems to be a misapprehension of the law as this is not on action to protect public rights but to prevent a threatened personal injury. In such case, it is not sufficient to sustain the action that the plaintiffs should show that they were residents of the school district; they must also show that they were taxpayers. An injunction will not lie to restrain improper or unlawful conduct on the part of public officers at the suit of a resident of the county merely. It must be averred and shown that he is also a citizen and taxpayer, and that he will be greatly and irreparably injured by the acts which he seeks to enjoin. [Caruthers v. Harnett, 2 S. W. (Tex.) 523.] The plaintiffs in this case failed to show any injury to themselves as charged in the petition. The petition by a taxpayer praying that the disbursement of taxes be enjoined because illegally levied, must state the amount of taxes paid by him, and to entitle him to relief he must offer

proof of substantial and serious damages and not of a mere technical and inconsequential injury. [Robins v. Latham, 134 Mo. 466, 36 S. W. 33; Fugate v. Mc-Manama, 50 Mo. App. 39.] In the absence of proof that the plaintiffs as taxpayers would suffer irreparable injury by reason of the illegal appropriation of the school moneys of the district, the petition cannot be sustained. [Davis v. Hartwig, 195 Mo. l. c. 399, 94 S. W. 507.] An injunction will not lie to question improper or unlawful conduct on the part of a public officer at the suit of a resident of a county merely; it must be averred and shown that he (the complainant) is also a citizen and taxpayer, and that he will be greatly and irreparably injured by the act which he seeks to enjoin. [Spelling on Extra. Rems. (2 Ed.), Sec. 614, page 509.] The authorities of a school district will not be enjoined from moving the schoolhouse to another site where plaintiff does not show he will sustain any special or pecuniary injury different from that of the public. [2 High on Injunctions, (4 Ed.), Sec. 1263, page 1280.]

The allegation in plaintiffs' petition that they were resident taxpayers of the school district and that the moneys of the district were about to be illegally appropriated by the acts of the school directors would, if true, show that they had a special interest in the subject-matter of the suit and were entitled to be protected by the court. The averment was a substantial one and was a constituent fact in the cause of action as stated in their petition, and, like the other essential allegations of the petition, was put in issue by the general denial. Plaintiffs having wholly failed to prove the substantial facts constituting their cause of action were not entitled to the perpetual injunction. It is therefore ordered that the judgment be reversed and the cause remanded. *Gray, J.,* concurs. *Cox, J.,* dissents.