The C & O DISTRIBUTING COMPANY,
Inc., Appellant,

v.

MILNER HOTELS, Inc., Respondent.

No. 22625.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1957.

Rodger J. Walsh, Albert Thomson, Kansas City, for appellant.

Henry W. Buck, Karl F. Schmidt, Albert C. McClain, Kansas City, for respondent.

HUNTER, Judge.

This is an appeal from a judgment entered by the court for the defendant at the close of plaintiff's evidence on the defendant's motion for a directed verdict.

Plaintiff (appellant), a corporation, is a subtenant of the defendant (respondent) of two rooms on the main floor of a building located in Kansas City. It filed suit against the defendant for $6,000 as damages for alleged injury to its property, located in the two rooms, resulting from a leaking water pipe in the building. At the close of plaintiff's evidence defendant moved for a directed verdict. The trial court sustained this motion and directed the jury to return its verdict for the defendant, which it did. The trial court then entered judgment accordingly. Nine days later plaintiff, without filing or presenting to the trial court a motion for a new trial, filed its notice of appeal. Defendant then filed in this court its motion to dismiss the appeal for the reason that plaintiff failed to comply with Supreme Court Rule 3.23 (42 V.A.M.S.) by failing to file and present to the trial court a motion for a new trial before filing the appeal. We have taken this motion to dismiss with the case.

Thus, we are met at the outset with a determination of the question of whether or

not following the sustaining of defendant's motion for a directed verdict at the close of plaintiff's case it was necessary for plaintiff to file a motion for a new trial and to include therein its contention that under the evidence it had made a submissible jury case and that the trial court had erred in sustaining the motion for the directed verdict, in directing verdict for defendant and in entering judgment thereon.

Plaintiff contends a plaintiff can file a direct appeal following the sustaining of a defendant's motion for a directed verdict at the close of the plaintiff's case. Plaintiff reasons that under such circumstance there is but one question involved; namely, under the evidence did plaintiff make a submissible case? As to this one question plaintiff says the trial court had ample opportunity to pass on it, and did pass on it when it passed on the motion for the directed verdict, and, thus, there is no need for the trial court to have a second opportunity to pass on it by requiring the motion for a new trial.

Defendant's position is that under Supreme Court Rule 3.23 this alleged error of the trial court in sustaining the motion and directing a verdict for defendant must be presented to the trial court in a motion for new trial in order for it to be preserved for appellate review. Otherwise, the appellate court would be rendering final decisions on questions without giving the lower courts an opportunity to review their own alleged errors. Further, if appellants can secure appellate review without filing a motion for a new trial, and thus avoid the dangers of filing an incomplete or erroneous motion, Supreme Court Rule 3.23 will be emasculated and the salutary effect it was intended to have will be nullified.

The pertinent provisions of Supreme Court Rule 3.23 are: "Allegations of error, in order to be preserved for appellate review, *must* be presented to the trial court in a motion for a new trial; *except* questions of jurisdiction over the subject matter, questions as to sufficiency of the pleadings to state a claim or defense, questions of the sufficiency of the evidence to support the judgment in cases tried as provided by Section 114 (V.A.M.S. § 510.310), questions authorized by Section 113 (V.A.M.S. § 510.-290) to be presented in a motion for judgment, questions authorized by Section 114 (c) (V.A.M.S. Sec. 510.310(c)) to be presented in a motion to amend the judgment and opinion, or questions under Section 99 (b) (V.A.M.S. § 510.130) authorized to be presented in a motion to set aside a dismissal." (Emphasis ours.)

■ Supreme Court Rule 3.23 with certain named exemptions makes it mandatory for allegations of error to be presented to the trial court in a motion for a new trial in order to be preserved for appellate review. Marquand Development Corp. v. Maisak-Handler Shoe Co., Mo.Sup., 260 S.W.2d 242; Mallory Motor Co. v. Overall, Mo.App., 279 S.W.2d 532; Adams v. Stockton, 235 Mo.App. 1183, 151 S.W.2d 127; Cf. Nelson v. Kansas City, en Banc, 360 Mo. 143, 227 S.W.2d 672, 674; Johnson v. Kansas City Public Service Co., 358 Mo. 253, 214 S.W.2d 5; Ukman v. Hoover Motor Express Co., Mo.Sup., 269 S.W.2d 35. None of these named exceptions are applicable to this appeal. The first concerns questions of jurisdiction over the subject matter. The second pertains to questions as to the sufficiency of the pleadings to state a claim or defense. The third (Section 114) refers to questions of the sufficiency of the evidence to support the judgment in cases tried upon facts without a jury. The fourth exception concerns questions authorized by Section 113 to be presented in a motion for judgment.

Section 113 pertains to the *denial* of motions for a directed verdict, motions to set aside verdicts, motions for judgment in accordance with motion for a directed verdict and motions for a new trial. *Section 113 does not refer to or include the granting of motions for a directed verdict.*

The last two exceptions specified in Rule 3.23 concern cases tried upon facts with-

out a jury and voluntary dismissal of actions by a plaintiff.

It being mandatory under Supreme Court Rule 3.23 for allegations of error of the kind here in question to be presented to the trial court in a motion for a new trial, and plaintiff having failed to comply with that rule, we necessarily conclude that the error complained of is not preserved for appellate review.

However, under Rule 3.27 of the Supreme Court plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not otherwise preserved for review, when the Court deems that manifest injustice or a miscarriage of justice has resulted therefrom. Jaeger v. Agnew, Mo.App., 252 S.W. 2d 847, 849; Werr v. Crookshanks, Mo. App., 228 S.W.2d 822. Cf. State ex rel. Morton v. Cave, en Banc, 359 Mo. 72, 220 S.W.2d 45, 49. In the exercise of our discretion under Rule 3.27 we have overruled defendant's motion to dismiss this appeal, and have carefully reviewed the entire transcript. As a result of this review, we have concluded that no such error is apparent.

Accordingly, the judgment is affirmed.

All concur.