Herbert WILLIAMS, Plaintiff-Appellant,

v.

SOUTHERN PACIFIC RAILROAD CO.,
Inc., a Corporation, and California & Ha-
waiian Sugar Refining Corp., Inc., a Cor-
poration, Defendants-Respondents.

No. 47706.

Supreme Court of Missouri,

Division No. 1.

Oct. 10, 1960.

Coleman, Gerhard, Padberg, Montrey,
Maloney & Cekovsky, George R. Gerhard,
Clayton, for plaintiff-appellant.

William K. Stanard, II, Doris J. Banta,
St. Louis, Carter, Bull & Baer, St. Louis,

of counsel for respondent, Southern Pac. R. Co., Inc.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, G. W. Marsalek, St. Louis, for respondent California & Hawaiian Sugar Refining Corp., Inc.

HOUSER, Commissioner.

This is an appeal by Herbert Williams, plaintiff, in an action against Southern Pacific Railroad Company and California & Hawaiian Sugar Refining Corporation from a judgment against plaintiff and for both defendants, entered after the circuit court sustained defendants' motions for directed verdicts at the close of plaintiff's evidence.

Plaintiff, an employee of a trucking company engaged in unloading a railroad boxcar carrying sugar, fell and was injured while attempting to enter the boxcar. The car had been loaded and prepared for shipment by defendants. The charge of negligence against the defendants on which plaintiff introduced evidence was the placing of loose, unfastened cardboard as a lining in the boxcar with actual or constructive knowledge that plaintiff would attempt to use the cardboard in entering the boxcar and that such loose, unfastened cardboard would not support a person in plaintiff's position attempting to enter the boxcar, and that such loose and unfastened cardboard constituted a danger to plaintiff's safety; and failure to warn of the condition of the loose unfastened cardboard. There was evidence that plaintiff tried to enter the boxcar, the door of which was open and the floor of which was shoulder-high, by placing his left hand on the sliding door rail, his right foot on the same rail, and that he reached inside the car with his right hand, placing his right hand against the interior wall of the boxcar immediately adjacent to the doorway, to "grab inside the door" and lift or pull himself up and inside the car; that in so doing he reached inside with his right hand and a piece of loose, unfastened fibreboard or cardboard from the interior of the car "flew out," as a result of which plaintiff fell to the ground outside the car.

■■ Respondents filed motions to dismiss the appeal on the ground that appellant failed to file a motion for a new trial, contending that under the then-applicable Supreme Court Rule 3.23 the appeal should be dismissed for this reason. Rule 3.23[1] provided: "Allegations of error, in order to be preserved for appellate review, must be presented to the trial court in a motion for new trial; except questions of jurisdiction over the subject matter, questions as to sufficiency of the pleadings to state a claim or defense, questions of the sufficiency of the evidence to support the judgment in cases tried as provided by Section 114 [V.A.M.S. § 510.310], questions authorized by Section 113 [V.A.M.S. § 510.290] to be presented in a motion for judgment, questions authorized by Section 114(c) to be presented in a motion to amend the judgment and opinion, or questions under Section 99(b) [V.A.M.S. § 510.130] authorized to be presented in a motion to set aside a dismissal. * * *" The failure to file a motion for a new trial would prevent the consideration of allegations of error on review, with the exceptions noted, under Rule 3.23, but such failure would not entitle respondents to a dismissal of the appeal in this case, where a notice of appeal and a transcript were prepared and timely filed. The transcript on appeal would still be here for review under § 512.160 RS Mo 1949, V.A.M.S. because of the taking of the appeal and the timely filing of the transcript. See Watson v. Kerr, 315 Mo. 781, 287 S.W. 337. The question raised by the failure to file a motion for new trial is the scope of the review, not the propriety of the appeal. The motions to dismiss, therefore, are overruled.

■ No motion for a new trial having been filed we are precluded from a review

---

1. Rule 3.23 was substantially the same as new Rule 79.03, V.A.M.R.

of appellant's point that plaintiff made a submissible case and that the court erred in sustaining respondents' motions for directed verdicts at the close of plaintiff's case and in directing a verdict for defendants, under Rule 3.23, Marquand Development Corp. v. Maisak-Handler Shoe Co., Mo.Sup., 260 S.W.2d 242; C & O Distributing Company v. Milner Hotels, Inc., Mo. App., 305 S.W.2d 737, which rule is mandatory, Gosnell v. Gosnell, Mo.App., 329 S. W.2d 230 and case cited loc. cit. 234, unless we may consider the appeal under Supreme Court Rule 3.27,[2] which was in effect when plaintiff took his appeal. From his suggestions it appears that appellant seeks to invoke Rule 3.27 on the ground that "a miscarriage of justice will result" unless this Court reviews the action of the circuit court sustaining respondents' motions to direct verdicts and directing verdicts for defendants at the close of plaintiff's evidence. Rule 3.27 provided "Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." If plaintiff made a submissible case it would be a plain error affecting substantial rights and a manifest injustice for the court to direct a verdict against plaintiff (just as it would be plain error and manifest injustice to permit a judgment for plaintiff to stand where plaintiff had failed to make a case, as pointed out in Millar v. Berg, Mo.Sup., 316 S.W.2d 499, loc. cit. 502, 503). In the exercise of our discretion, at appellant's request, we have carefully reviewed the entire transcript on appeal to determine whether plaintiff made a submissible case. We find that no submissible case was made, either on the pleaded theory or the theory not pleaded below and presented for the first time on appeal, i. e., that defendants were negligent

in their inspections of the boxcar. The circuit court ruled correctly. The judgment should be and is affirmed. C & O Distributing Company v. Milner Hotels, Inc., supra. And see Gosnell v. Gosnell, supra, Key Note 7.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.