Jesse B. MILLER, individually, and as a member of a class of taxpayers, Appellant,

v.

STE. GENEVIEVE COUNTY, Missouri, and Joseph X. Flieg, Rudolph E. Field and Oswald H. Meyer, individually, and as Judges of the County Court of said County, Respondents.

No. 48580.

Supreme Court of Missouri,

Division No. 2.

June 11, 1962.

William C. Barnett, St. Louis, for appellant.

Charles A. Weber, Ste. Genevieve, for respondents.

STOCKARD, Commissioner.

Plaintiff has appealed from a judgment dismissing his petition for failure to state a claim upon which relief can be granted.

The action was brought in two counts. Plaintiffs alleged in Count I that he is the owner of 907 acres in Ste. Genevieve County. The defendants are Ste. Genevieve County and Joseph X. Flieg, Rudolph E. Field and Oswald H. Meyer who are alleged to be the judges of the county court of said county. Plaintiff alleged that on or about December 1, 1959, the defendants trespassed on his land and caused their agents and servants to operate thereon a bulldozer, grader and trucks, and in doing so destroyed growing timber of the value of $1,000, and "as a direct result thereof defendants are liable to plaintiff for damages in the sum of $3,000, according to law." In separately numbered paragraphs, but in the same count, plaintiff alleged that he was the owner of a private road which was of "great value" as an access road, and the defendants caused "highly destructive work" to be done thereon which rendered the road impassable. He then alleged that his actual damage was $10,000, and because the acts of the defendants were "intentional, unwarranted, unlawful, malicious, and without just cause or excuse" he is entitled to punitive damages in the amount of $10,-000.

Plaintiff apparently attempted to state a claim for treble damages for trespass pursuant to Section 537.340 RSMo 1959, V.A.M.S., and he improperly commingled in the same count an attempt to state a cause of action for actual and punitive damages resulting from a common law trespass on his private road. See Civil Rule 55.13, V.A.M.R. Although defendants have filed a brief in this court they do not question the right of plaintiff to maintain an action in tort against Ste. Genevieve County or against the named individuals as judges of the county court. Plaintiff presents nothing in his brief in justification of his right to do so. We

are compelled, under the circumstances, to raise the question sua sponte.

■ Aside from any right of plaintiff to just compensation if Ste. Genevieve County has taken or is in the process of taking or damaging his property for a public use, see Art. I, Sec. 26, Constitution of Missouri, V.A.M.S., counties are territorial subdivisions of the state, Clark v. Adair County, 79 Mo. 536, and are quasi corporations and political subdivisions of the state exercising purely governmental functions, and as such are clothed with the state's immunity from tort liability, including that for trespass, in the absence of a statute or constitutional provision to the contrary. Cullor v. Jackson Township, Putnam County, Mo., 249 S.W.2d 393; Cassidy v. City of St. Joseph, 247 Mo. 197, 152 S.W. 306, 309; 20 C.J.S. Counties § 320 and § 319; 14 Am.Jur. Counties § 48; 25 Am.Jur. Highways § 94. See also Reardon v. St. Louis County, 36 Mo. 555; Swineford v. Franklin County, 73 Mo. 279; Clark v. Adair County, supra; Sharp v. Kurth, Mo.App., 245 S.W. 636; Dillon, Municipal Corporations, Vol. IV, 5th Ed., § 1640, p. 2856. Plaintiff has alleged nothing in his petition to take this case out of the above general rule, and we necessarily conclude that insofar as Count I purports to state a claim against Ste. Genevieve County for tort, that is, for statutory or common law trespass, it was properly dismissed for failing to state a claim upon which relief can be granted.

■ This leaves the question of whether a claim is stated in Count I upon which relief may be granted against the individual members of the county court. Other than naming the individuals in the caption, the only specific reference to them in the petition is that "Defendants Joseph X. Flieg, Rudolph E. Field and Oswald H. Meyer, are, and were at all such times, Judges of the County Court of defendant Ste. Genevieve County, Missouri." It is then alleged that the "defendants," meaning the county and the individual judges thereof, did or caused to be done the acts complained of. While it is not clear from the petition, it is reasonably apparent that the acts were done in the construction of a road, an activity expressly authorized and directed to be carried on by the county court. Section 229.040 RSMo 1959, V.A.M.S. The effect of the allegations in the petition is that in doing the acts complained of the named individuals acted in their official capacity as judges of the county court and within their authority, and "The officials of [a] county * * * are agents of the state in the performance of their duties with reference to bridges and roads." State ex rel. Reynolds County v. State Highway Commission, 328 Mo. 859, 42 S.W.2d 193, 196. Any allegations which might be said to imply that the acts complained of were in excess of or outside of their authority as county judges are mere conclusions only, and as such are to be considered as no statement at all. Goodson v. City of Ferguson, Mo., 339 S.W.2d 841. When acting in their official capacity no personal liability for tort is incurred by the county judges in the absence of a statute imposing such liability. Cullor v. Jackson Township, Putnam County, supra; 20 C.J.S. Counties § 97. See also 25 Am.Jur. Highways § 605, and 39 C.J.S. Highways § 171, and the general rules there set out as to when public officers may be personally liable for injuries to property.

Under the circumstances, Count I does not state a claim upon which relief can be granted, and defendants' motion to dismiss was properly sustained.

We turn now to Count II of the petition which purports to be a taxpayers' action in the form of a class action. The substance of it is that defendants have unlawfully and improperly spent, and threaten to continue spending, public tax money "in working plaintiff's private road." The prayer is for an accounting and an injunction.

■ Although the allegations in Count II are brief, they clearly set forth the contention that Ste. Genevieve County and

the members of the county court have spent and are proposing to spend public money obtained by taxes in the improvement of a privately owned road. If this is true the expenditures are illegal. "[T]axpayers have always had the remedy of injunction at common law, without aid of statutory authority, to enjoin the illegal expenditure of public moneys," and this remedy applies to counties and to the members of the county court or other county officials. Everett v. County of Clinton, Mo., 282 S.W.2d 30; Watson v. Kerr, 315 Mo. 781, 287 S.W. 337, 340; Berghorn v. Reorganized School Dist. No. 8, Franklin County, 364 Mo. 121, 260 S.W.2d 573; 52 Am.Jur. Taxpayers Actions §§ 2, 5 and 28.

No contention is made by defendants in their brief to this court that this is not a proper class action or that the provisions of Civil Rule 52.08, V.A.M.R., are not applicable, or if applicable, that there has been no compliance with them. Neither is it contended that plaintiff and the class of taxpayers he purports to represent do not have the right to bring an action to enjoin unlawful and illegal expenditures of public money. We also note that defendants do not contend that if they are spending public tax money in performing work on a privately owned road they have the right as a matter of law to do so. The only contentions made by defendants are that "there [are] absolutely no allegations in this Count that the plaintiff owns a private road over the land which the plaintiff has attempted to describe;" there are no allegations "in Count II against any individual wrongdoing by the defendants, Joseph X. Flieg, Rudolph E. Field, and Oswald H. Meyer;" and "plaintiff has pleaded conclusions." We shall examine these contentions.

■ The allegations of Count I are incorporated into Count II by reference. This is an approved and authorized procedure. Civil Rule 55.14, V.A.M.R. In Count I, and by reference in Count II, plaintiff alleges that he "is, and was at all such times, the owner of a private road extending about two miles across his said land." Defendants' first contention obviously is without merit.

Plaintiff also alleges that the defendant members of the County Court of Ste. Genevieve County have spent and are threatening to spend public money obtained by taxes to perform work on plaintiff's privately owned road. That is an allegation of wrongdoing on the part of the named individual defendants, so the second contention is without merit.

■ It is true that in both counts of the petition there are some allegations of conclusions, but defendants' assertion of this is, at most, a conclusion itself with no attempt to point out the allegations which they contend to be deficient. However, from what we have said it is apparent that in Count II there are sufficient allegations of ultimate facts to state a claim upon which the relief of an injunction may be had if the facts alleged are established to be true and correct. We consider the request for an accounting to be surplusage as no allegations are made to show plaintiffs are entitled to it.

■ We do not foreclose any proper and authorized motion for a more definite statement or other appropriate relief. However, under the circumstances, the judgment dismissing Count II of the petition was erroneous.

The judgment is affirmed as to Count I, and is reversed and the cause remanded as to Count II.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.